```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RONNIE LOPEZ, | HON. JEROME B. SIMANDLE |
|               Petitioner, | Civil No. 04-4969 (JBS) |
| v. | **OPINION** |
| UNITED STATES of AMERICA, | |
|               Respondent. | |

Appearances:

Ronnie Lopez, #40387-050
408 Equality Court
Mt. Laurel, NJ 08054
    Petitioner Pro Se

Christopher Christie
United States Attorney
By:  William Fitzpatrick
    Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
    Attorney for Respondent

**SIMANDLE**, District Judge:

## I. INTRODUCTION

Petitioner Ronnie Lopez was sentenced by the undersigned on May 30, 2002 to a term of 144 months' imprisonment following the execution of a written plea agreement, under which Petitioner pled guilty to conspiracy to distribute and possession with intent to distribute more than 5 kilograms of cocaine and 50 grams of cocaine base, or crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (Plea Agrmt., Govt. Ex. 2.)  The term imposed reflects a downward departure of about one-third of

the time the Federal Sentencing Guidelines recommended, due to substantial assistance to the Government pursuant to 18 U.S.C. § 3553(e).

Petitioner now brings this application for post-conviction relief pursuant to 28 U.S.C. § 2255, alleging in his submissions to this Court [Docket Items No. 1, 3, 7, and 11][1] that his sentence should be vacated, set aside, or corrected in light of United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000).  Petitioner argues that (1) his trial counsel was constitutionally ineffective, (2) the Court erroneously relied on drug weights and evidence of a leadership role in the offense not admitted by the defendant or proven to a jury beyond a reasonable doubt, and (3) the plea agreement was ambiguous and breached by the Government.  The application will be dismissed because Petitioner's claims are procedurally barred both by the statute of limitations and his failure to raise these issues on direct appeal.

---

[1] Petitioner has filed three different submissions with this Court, in addition to his reply to the Government's brief, all of which assert separate arguments for post-conviction relief: Pet. Br. 1, filed on July 13, 2004 [Docket Item No. 1], Pet. Br. 2, filed on October 29, 2004 [Docket Item No. 3], Pet. Br. 3, filed on December 21, 2004 [Docket Item No. 7], and Pet. Reply Br., filed on March 17, 2005 [Docket Item No. 11]. Successive amendments to applications are barred and, in any event, Petitioner's whole application is barred, but the Court discusses them here to show that they would also fail.  See 28 U.S.C. § 2255.

## II. BACKGROUND

Petitioner Ronnie Lopez was arrested as part of a twelve-member drug ring that included his brother, José Lopez, and half-brother, Nelson Salcedo.

On September 5, 2001, Petitioner pled guilty to a one-count indictment charging him with conspiracy to distribute and possession with intent to distribute more than 5 kilograms of cocaine and 50 grams of cocaine base (i.e. crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Plea Hr'g Tr.) The cooperating plea agreement included stipulations that Petitioner was accountable for at least 15 kilograms but less than 50 kilograms of powder cocaine and for more than 1.5 kilograms of crack cocaine, resulting in a Base Offense Level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1). (Plea Agrmt. at 7.) The parties provided for a three-level reduction for Petitioner's acceptance of responsibility and for timely notifying the Government of his intention to plead guilty. (Id.) Petitioner stipulated that he waived his right to appeal or collaterally attack his sentence if the Base Offense Level was equal to or less than 35. (Id.) The agreement also set forth that Petitioner would provide assistance to the Government by testifying in grand jury and trial proceedings and assisting in investigations. (Id. at 2.) In return, the Government pledged to file a motion for a sentence reduction pursuant to § 5K1.1 of

the Federal Sentencing Guidelines and 18 U.S.C. § 3553(e).  (Id.) The report emphasized, however, that the Petitioner's sentence fell to the sole discretion of the Court, and that the agreement made no promises of a particular Sentencing Guidelines range. (Id. at 3.)

Thereafter, a Presentence Investigation Report was prepared by the United States Probation Office.  That report corresponded with the plea agreement in its recommendation of an Offense Level of 35, including the three-level reduction for acceptance of responsibility.  (Presentence Rep. at 13, Govt. Ex. 4.)  It assigned Petitioner to the lowest criminal history category, I. (Id. at 15.)  However, the report also assigned a three-level enhancement for the managerial role that Petitioner held within the conspiracy pursuant to U.S.S.G. § 3B1.1(b), resulting in a Total Offense Level of 38 and a recommended sentence of 235 to 293 months' imprisonment.  (Id. at 19.)

At Petitioner's May 30, 2002 sentencing hearing, Petitioner objected to the three-level increase accompanying his managerial status in the conspiracy, but the Court overruled that objection and assigned the recommended Base Offense Level of 38. (Govt. Br. at 5.)  The Government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) due to Petitioner's substantial assistance in the investigation.  (Id. at 6.)  The Court granted that motion and sentenced Petitioner to

4

144 months' imprisonment.  (Id.)  The Court advised Petitioner of his right to appeal.  The Judgment and Conviction Order was entered on May 31, 2002.  (J. Order May 31, 2002, Govt. Ex. 6.)

Petitioner never filed a direct appeal of his conviction or sentence, despite the fact that the conditional waiver of appeal in the plea agreement did not apply because the Court found an offense level of higher than 35.  Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on July 13, 2004.  (Pet. Br. 1.)  He filed a separate application on October 29, 2004 (Pet. Br. 2), and the two cases were consolidated by Court Order on November 10, 2004.  Order, Lopez v. United States, No. 04-4969, No. 04-5313 (D.N.J. filed Nov. 10, 2003).  Petitioner filed an amended petition on December 21, 2004.  (Pet. Br. 3.)  The Government submitted its answer on December 10, 2004 [Docket Item No. 6], and a supplemental answer on February 10, 2005. [Docket Item No. 9].  Petitioner filed a reply to the Government's brief on March 17, 2005.  (Pet. Reply Br.)

### III. DISCUSSION

#### A. Petitioner's Claims Are Procedurally Barred

Petitioner argues that the new principle of constitutional law established by the Supreme Court in United States v. Booker, 543 U.S. 220 (2005), provides the jurisdictional basis for the instant application for post-conviction relief.  (See Pet. Br. 3

5

at 4; Pet. Reply Br. at ¶ III.)  In Booker, the Supreme Court held that the Federal Sentencing Guidelines are advisory and non-binding, and constitute one factor for the Court to consider in determining a just sentence under 18 U.S.C. § 3553(a).  Booker, 544 U.S. at 244.  In addition to Booker, Petitioner also cites both Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) as grounds for his collateral attack. (See Pet. Br. 1, 3; Pet. Reply Br.)  Any sentencing challenge previously made under those cases is "now, of course, governed by the intervening decision. . . in Booker."  Lloyd, 407 F.3d at 611.  Because Petitioner contends that judicial fact-finding under the Sentencing Guidelines led to an erroneously calculated term of imprisonment, his claim, if properly before the Court, would be governed by Booker.  (Pet. Reply Br. at ¶ IV.)

   Yet Petitioner's claims must be dismissed because the one-year statute of limitations for filing habeas petitions has expired and because he failed to preserve his substantive claims for collateral attack by raising them on appeal.

### 1. The One-Year Limitations Period Has Passed

   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places strict limitations on habeas petitions, providing a prisoner with just one year to file a request for relief under § 2255.  Section 2255 provides that the one-year

limitations period runs from the latest of:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Petitioner has not alleged there was any unconstitutional Government action impeding him from filing his application, and no new facts have arisen to support Petitioner's claim.

Instead, Petitioner asserts his case is timely based on the new rule of constitutional law recognized by the Supreme Court in Booker.  (See Pet. Br. 3 at 4; Pet. Reply Br. at ¶ III.)  Yet the Third Circuit Court of Appeals ruled that the new law established in Booker does not apply retroactively to convictions that were final at the time the case was decided.  See In re Olopade, 403 F.3d 159, 162 (3d Cir. 2005) (noting that "the Supreme Court must have explicitly held, or two or more of its decisions when read together must absolutely dictate, that a particular rule is

7

retroactively applicable to cases on collateral review... It is clear that the Supreme Court has not expressly held that Booker is applicable to cases on collateral review."); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (same).  Therefore, the one-year statute of limitations began to run on the date when Petitioner's judgment of conviction became final.

When a defendant does not "pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."  Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).  According to Fed. R. App. P. 4(b)(1)(A)(i), a defendant convicted in the District of New Jersey has ten days from the entry of the judgment within which to file a direct appeal to the Third Circuit.

Because Petitioner never filed a direct appeal, his conviction became final on June 14, 2002, ten business days after the entry of judgment on May 31, 2002.  (See J. Order May 31, 2002.) Petitioner did not file this § 2255 motion until July 13, 2004, more than one year after the statute of limitations period expired. (Pet. Br. 1.)  Therefore, Petitioner's § 2255 motion is barred.

8

## 2. **Petitioner Failed to Appeal his Claims**

When a prisoner raises in his petition for a writ of habeas corpus issues that he failed to raise on direct appeal, that issue is subject to procedural default. United States v. Frady, 456 U.S. 152, 167-68 (1982). The failure to appeal is fatal except when the prisoner can show actual innocence, or (1) cause excusing the procedural default and (2) actual prejudice resulting from the error. Id. at 168. In the interest of finality, habeas petitions should almost never be a means of overturning final convictions where the defendant waived or failed to appeal his or her claim. DeJesus v. United States, No. 05-939, 2005 U.S. Dist. LEXIS 34220, at *17 (D.N.J. 2005) (citing Frady, 456 U.S. at 164).

Petitioner argues that the Court erroneously relied on improperly calculated drug quantities and used evidence of a leadership role found only by a preponderance of the evidence that denied him a reduction in his sentence under the Safety Valve Provision under U.S.S.G. § 5C1.2, codified at 18 U.S.C. § 3553(f). (Pet. Reply Br. at ¶ IV.) He further argues that he received ineffective assistance from counsel and that the plea agreement was both ambiguous and breached by the Government. (Pet. Br. 3 at 2, 1.) He had a right to raise these issues on direct appeal, but did not do so. (See Plea Agrmt. at 7.) Instead, he brings these claims now, but fails to offer evidence

9

satisfying the Frady standard.  See Frady, 456 U.S. at 167-68.

Petitioner does not assert actual innocence, as he stipulated that he committed the offenses he was charged with at his plea hearing on September 5, 2001, and has not changed that position.  (See Plea Hr'g Tr.)

He also offers no cause excusing the procedural default, although he does argue ineffective assistance of counsel.  A prisoner may show cause for a procedural default by proving that his or her counsel acted ineffectively.  Murray v. Carrier, 477 U.S. 478, 487 (1986).  Petitioner, who alleges his counsel failed to warn him he could face a leadership enhancement, does not meet the Court's stringent test for claims of this type.  To establish a viable claim of ineffective assistance of counsel under the Strickland standard, a defendant must show that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).

In meeting the first Strickland requirement, the petitioner must show that counsel's representation fell below "an objective standard of reasonableness" and outside the range of competent assistance demanded of professional criminal defense attorneys.  Id. at 688.  There is a strong presumption that counsel's performance fits into that wide range.  Id. at 689.  To satisfy the second prong, a petitioner must prove that there is a

10

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.

The plea colloquy undermines Petitioner's claim of ineffective assistance under this standard:

> THE COURT: Now, have you discussed this case in detail with your attorney?
> DEFENDANT: Yes.
> THE COURT: Have you had enough time to meet with Mr. Zappacosta and to review the evidence that the Government says it has against you in this case?
> DEFENDANT: Yes.
> THE COURT: And have you explored with Mr. Zappacosta what's the best thing to do, whether to go to trial or to plead guilty?
> DEFENDANT: Yes.
> * * * *
> THE COURT: Have you had any difficulties talking with Mr. Zappacosta?
> DEFENDANT: No.
> THE COURT: And are you satisfied with the services that Mr. Zappacosta has provided for you?
> DEFENDANT: Yes.

(Plea Hr'g Tr. at 14:2-12; 14:19-15:2.)

Petitioner fails to prove that his counsel was deficient, and his own representations, under oath at his plea hearing, suggest the contrary. (Id.)  Also under oath, he said he understood his charges had a ten-year mandatory minimum sentence. (Id. at 25.)  Because he cannot prove ineffective assistance of counsel as the Strickland standard requires, he has no evidence of cause excusing his procedural default.  See Murray, 477 U.S. at 487.

11

Petitioner similarly fails to offer any evidence of actual prejudice, the other element required by the Frady standard for waiving procedural default. See Frady, 456 U.S. at 170 (prejudice is an alleged error that "worked to [the Petitioner's] actual and substantial disadvantage"). Moreover, Petitioner's arguments would fail even if the post-Booker standards for factfinding at sentencing were applied, since Booker continues to permit judicial factfinding by a preponderance of the reliable sentencing information; in the present case there was ample evidence of Petitioner's leadership role, as the Court found in its oral opinion at sentencing. (Sent. Hr'g Tr. May 30, 2002 at 17:8 to 21:2.) Even if Petitioner had not been assessed the leadership enhancement, the 144-month sentence imposed by the Court is still significantly lower than the Base Offense Level 35 Sentencing Guideline range he now seeks, which under Criminal History Category I is 168-210 months. He received the full benefit of his plea agreement, as his sentence includes the downward departure recognizing his substantial assistance. (See J. Order May 31, 2002, Govt. Ex. 6.) Petitioner cannot prove actual prejudice for the purpose of excusing his procedural default, and his failure to pursue a direct appeal is therefore fatal to his claims.

## IV. **CONCLUSION**

Petitioner's § 2255 application for post-conviction relief

will be dismissed because it is untimely and procedurally barred, and the accompanying Order is entered.


**July 30, 2007**            **s/Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              United States District Judge